## BOBBITT v. BOBBITT et al.

### No. 3528.

Court of Civil Appeals of Texas. Beaumont.
Nov. 9, 1939.

Ramsey & Ramsey, of San Augustine, for appellant.

Minton & Minton, of Hemphill, for appellees.

COMBS, Justice.

This suit by appellant, Fonzie Bobbitt, was for an injunction and upon final hearing the trial court sustained the general demurrer to plaintiff's petition, denying the relief sought. This appeal is from that judgment. The pertinent facts disclosed by the petition, so far as necessary to be stated, were: Appellee A. T. L. Bobbitt is the father of appellant Fonzie Bobbitt. In July, 1937, prior to the filing of the present suit for injunction, a judgment was entered in the case of A. T. L. Bobbitt v. Fonzie Bobbitt, No. 3146, in the district court of San Augustine County. Appellee Anna Bobbitt was awarded title to an undivided half interest in a 218¾ acre tract of land consisting of two small contiguous tracts and appellant, Fonzie Bobbitt, was awarded title to an undivided interest of 69⅔ acres in said tract. A. T. L. Bobbitt was awarded money judgment against Fonzie Bobbitt for $360 for rent on the portion of the land he had been occupying and cultivating. The judgment contained also

an award of a homestead interest to A. T. L. Bobbitt, as follows: "It is further ordered, adjudged and decreed by the court that the plaintiff, A. T. L. Bobbitt, do have and recover of and from the defendant, Fonzie Bobbitt, possession of two hundred (200) of the above described tract of land, by virtue of having a homestead right in two hundred (200) of said land, for which two hundred acres of land plaintiff may have his writ of possession and as many writs of possession as may be necessary to invest him with the possession of the said two hundred acres of land."

The petition discloses that thereafter a writ of possession issued in said cause, directing the sheriff of San Augustine County to deliver to A. T. L. Bobbitt possession of 200 acres out of the 218¾ acres, being all of it, less 18¾ acres described by metes and bounds, the writ reciting that the plaintiff, A. T. L. Bobbitt, had selected out of 218¾ acres of said land all of the two tracts comprising it except 18¾ acres which was specifically described. This suit was brought by Fonzie Bobbitt to enjoin execution of the writ on the ground that same was void, was not in conformity with the judgment in cause No. 3146, and was an attempt to partition the land. He further alleged that the 18¾ acres which it was proposed to leave to him by the writ was untillable, without improvements and was practically of no value as compared to the balance of the land. "That plaintiff is now occupying, cultivating and using approximately 22 acres of said 228 acres as his home, said 22 acres of land being in an improved state, being improved by plaintiff, said improvements consisting of a dwelling house constructed by plaintiff, in which he is now living with his family, the necessary barns, outhouses, cotton houses and fences, all of which were placed thereon by plaintiff at his own expense." He prayed for an injunction against the defendants, A. T. L. Bobbitt and Anna Bobbitt, another party defendant, prohibiting them and each of them, from selecting any part of said property over and above their interest, and that the sheriff be enjoined from executing the writ of restitution "in so far as said writ directs him to dispossess plaintiff of said 22 acres of land and seize his improvements and crops thereon."

### Opinion.

We think the judgment of the trial court must be sustained. The judgment in cause No. 3146 did more than determine the

ownership of the parties in the tracts of land here involved. It awarded to A. T. L. Bobbitt a homestead interest of not exceeding 200 acres, as shown by the part of the judgment above quoted. Thus it awarded to him the homestead privilege secured to him by the constitution, Art. 16, Sec. 52, Vernon's Ann.St. He had the right to make the selection of his homestead tract out of the larger tract. Beall v. Hollingsworth, Tex.Civ.App., 46 S.W. 881. Having made his selection, he was entitled to the exclusive use and occupancy of the homestead so selected and to have the sheriff put him in possession of it under the writ provided by the judgment. The fact that the son Fonzie was occupying parts of it with his permission, and had made certain improvements thereon, did not confer upon the son any homestead interest or give him any right to interfere with his father's exclusive use and occupancy of the 200 acre tract selected. Rettig v. Houston West End Realty Co., Tex.Com.App., 254 S.W. 765.

It follows that plaintiff's petition stated no grounds entitling him to the injunctive relief sought.

Judgment affirmed.